# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| Mueller Systems, LLC, | ) | |
| *Plaintiff,* | ) | Case No.: _____ |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| SIPCO LLC, | ) | |
| *Defendant.* | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Mueller Systems, LLC (hereinafter "DJ Plaintiff" or "Mueller") through this Declaratory Judgment Complaint seeks a determination that (i) Mueller does not infringe the following ten (10) patents owned by SIPCO LLC (hereinafter "Defendant" or "SIPCO"), *i.e.*, U.S. Patent Nos. 6,747,557, 6,671,586 6,914,533, 7,424,527, 7,738,999, 7,739,378, 8,064,412, 8,171,136, 9,111,240, and 9,515,691 (collectively, the "Non-Infringement Patents"), *see* Counts I to X, *infra*, and (ii) the following six (6) patents owned by SIPCO are invalid, *i.e.*, U.S. Patent Nos. 6,836,737, 6,891,838, 6,914,893, 7,103,511, 7,263,073, and 7,697,492 (collectively, the "Invalidity Patents") (collectively with the Non-Infringement Patents, the "Patents"), *see* Counts XI to XVI, *infra*. An actual case and controversy exists

1

regarding the non-infringement and invalidity of the Patents based on Defendant's past, present and expected future attempts to obtain royalty payments based in part on the alleged infringement of the Patents.

## THE PARTIES

1.    Defendant Mueller Systems, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal office at 1200 Abernathy Rd, Suite 1200, Atlanta (Fulton County), Georgia, 30328. Mueller generally is in the business of providing water systems and components thereof.

2.    Plaintiff SIPCO LLC is a limited liability company organized and existing under the laws of the State of Georgia. SIPCO is a patent holding company that neither makes nor sells any products.

## JURISDICTION AND VENUE

3.    Mueller entered into a Patent License Agreement in 2011 (the "Patent License") that required Mueller to make certain royalty payments related to specified Mueller products (the "Mueller Products"). These products were products listed in Schedule A to the Patent License and also covered by one or more patents listed on Schedule B, including the Patents. The Patent License contained a covenant-not-to-sue, which is not applicable because SIPCO is in material breach of the Patent License and the covenant is unenforceable.

2

4.     Mueller has determined that it has not in the past infringed the Patents, does not infringe them now, and will not infringe the Patents in the future. SIPCO asserts that it is entitled to royalties on sales of Mueller products under the Patent License without regard to Mueller's alleged infringement of the Patents by such sales. Mueller sent SIPCO a letter on December 3, 2025 demanding that, by December 13, 2025 SIPCO refund the past overpaid amounts (*i.e.*, $573,357) and acknowledge that no future royalty payments are due under the Patent License. SIPCO did not respond by the December 13 deadline

5.     Upon information and belief, one or more claims of one or more of the Patents are invalid because they fail to satisfy one or more of the requirements of patentability set forth in the U.S. Patent Act, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

6.     Consequently, because SIPCO has refused to acknowledge that Mueller has overpaid royalties in the past and to repay such amounts, and because SIPCO refuses to acknowledge that Mueller no longer has any duty under the Patent License to make royalty payments in the future, and because one or more claims of one or more of the Patents are invalid, an actual case and controversy exists regarding the non-infringement and/or invalidity of the Patents, and therefore this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201-2202.

7.    This Court has personal jurisdiction over SIPCO because SIPCO is organized under the laws of Georgia and thus general jurisdiction exists. *Cooper Tire v. McCall*, 312 Ga. 422 (2021); *Mallory v. Norfolk Southern*, 600 U.S. 122 (2023). Moreover, the transactions in question (*e.g.*, Mueller's payment of royalties to SIPCO under the Agreement) took place in Georgia and by themselves establish minimum contacts with Georgia such that specific jurisdiction would be found. Further, the exercise of jurisdiction comports with Due Process under the Georgia and United States constitutions.

8.    Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as SIPCO is organized and exists under the laws of Georgia, resides in this District and a substantial portion of the activities giving rise to the controversy took place in this District.

9.    SIPCO can be served through its registered agent Joseph Brian King, at 421 Jade Dr., Augusta, Georgia, 30907, USA.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,671,586

10.    Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

11.    Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 6,671,586 (the "'586 Patent").

12.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '586 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '586 Patent.

13.     To infringe the '586 Patent, the Mueller Products must meet each limitation of each claim of the '586 Patent. The independent claims of the '586 Patent recite, among other things, an energy management controller or generating a demand reduction control signal. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the '586 Patent for at least this reason.

14.     The case or controversy should be resolved through a judgment that all claims of the '586 Patent are not infringed by the Mueller Products.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,747,557

15.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

16.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 6,747,557 (the "'557 Patent").

17.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '557 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '557 Patent.

18.    To infringe the '557 Patent, the Mueller Products must meet each limitation of each claim of the '557 Patent. The independent claims of the '557 Patent recite, among other things, a weather detector or a smoke detector. The Mueller Products at issue do not meet these limitations and thus there is no infringement of the '557 Patent for at least this reason.

19.    The case or controversy should be resolved through a judgment that all claims of the '557 Patent are not infringed by the Mueller Products.

## COUNT III – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,914,533

20.    Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

21.    Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 6,914,533 (the "'533 Patent").

22.    SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '533 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '533 Patent.

23.    To infringe the '533 Patent, the Mueller Products must meet each limitation of each claim of the '533 Patent. The independent claims of the '533 Patent recite, among other things, a photodetection smoke sensor. The Mueller

Products at issue do not meet this limitation and thus there is no infringement of the '533 Patent for at least this reason.

24.     The case or controversy should be resolved through a judgment that all claims of the '533 Patent are not infringed by the Mueller Products.

## COUNT IV – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,424,527

25.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

26.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,424,527 (the "'527 Patent").

27.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '527 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '527 Patent.

28.     To infringe the '527 Patent, the Mueller Products must meet each limitation of each claim of the '527 Patent. The independent claims of the '527 Patent recite, among other things, a pollution detector or generating, analyzing, or communicating pollution information message. The Mueller Products at issue do not meet these limitations and thus there is no infringement of the '527 Patent for at least this reason.

29.     The case or controversy should be resolved through a judgment that all claims of the '527 Patent are not infringed by the Mueller Products.

## COUNT V – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,738,999

30.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

31.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,738,999 (the "'999 Patent").

32.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '999 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '999 Patent.

33.     To infringe the '999 Patent, the Mueller Products must meet each limitation of each claim of the '999 Patent. The independent claims of the '999 Patent recite, among other things, a controller coupled to a power switch of an electrically-powered device and operable to control the operation of the device. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the '999 Patent for at least this reason.

34.     The case or controversy should be resolved through a judgment that all claims of the '999 Patent are not infringed by the Mueller Products.

## COUNT VI – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,739,378

35.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

36.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,739,378 (the "'378 Patent").

37.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '378 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '378 Patent.

38.     To infringe the '378 Patent, the Mueller Products must meet each limitation of each claim of the '378 Patent. The independent claims of the '378 Patent recite, among other things, a pollution detector or generating or communicating pollution information signals or messages. The Mueller Products at issue do not meet these limitations and thus there is no infringement of the '378 Patent for at least this reason.

39.     The case or controversy should be resolved through a judgment that all claims of the '378 Patent are not infringed by the Mueller Products.

## COUNT VII – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 8,064,412

40.    Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

41.    Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,064,412 (the "'412 Patent").

42.    SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '412 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '412 Patent.

43.    To infringe the '412 Patent, the Mueller Products must meet each limitation of each claim of the '412 Patent. The independent claims of the '412 Patent recite, among other things, transmitters integrated into a smoke detector or thermostat, or communicating environmental management data. The Mueller Products at issue do not meet these limitations and thus there is no infringement of the '412 Patent for at least this reason.

44.    The case or controversy should be resolved through a judgment that all claims of the '412 Patent are not infringed by the Mueller Products.

## COUNT VIII – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 8,171,136

45.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

46.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,171,136 (the "'136 Patent").

47.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '136 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '136 Patent.

48.     To infringe the '136 Patent, the Mueller Products must meet each limitation of each claim of the '136 Patent. The independent claims of the '136 Patent recite, among other things, a pollution detector or generating or transmitting pollution information messages or signals. The Mueller Products at issue do not meet these limitations and thus there is no infringement of the '136 Patent for at least this reason.

49.     The case or controversy should be resolved through a judgment that all claims of the '136 Patent are not infringed by the Mueller Products.

## COUNT IX – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,111,240

50.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

51.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 9,111,240 (the "'240 Patent").

52.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '240 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '240 Patent.

53.     To infringe the '240 Patent, the Mueller Products must meet each limitation of each claim of the '240 Patent. The independent claims of the '240 Patent recite, among other things, a pollution detector or generating or transmitting pollution information messages or signals. The Mueller Products at issue do not meet these limitations and thus there is no infringement of the '240 Patent for at least this reason.

54.     The case or controversy should be resolved through a judgment that all claims of the '240 Patent are not infringed by the Mueller Products.

## COUNT X – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,515,691

55.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

56.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 9,515,691 (the "'691 Patent").

57.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '691 Patent. Thus, an actual case or controversy exists regarding the non-infringement of the '691 Patent.

58.     To infringe the '691 Patent, the Mueller Products must meet each limitation of each claim of the '691 Patent. The independent claims of the '691 Patent recite, among other things, a pollution detector or generating or transmitting pollution information messages or signals. The Mueller Products at issue do not meet these limitations and thus there is no infringement of the '691 Patent for at least this reason.

59.     The case or controversy should be resolved through a judgment that all claims of the '691 Patent are not infringed by the Mueller Products.

## COUNT XI – DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 6,836,737

60.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

61.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 6,836,737 (the "'737 Patent").

62.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '737 Patent. Thus, an actual case or controversy exists regarding the invalidity of the '737 Patent.

63.     The ''737 Patent is invalid under one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112, because its claims are unpatentable in view of the prior art and fail to satisfy the statutory requirements for patentability. For example, the claims fail to recite novel or non-obvious combinations of subject matter over the prior art. Such prior art includes ad hoc networking protocols PRNET and AX.25 and Kahn (Kahn *et al.*, "Advances in Radio Packet Technology," PROCEEDINGS OF THE IEEE, 1468 (Nov. 1978)), all of which predate the earliest priority date of the '737 patent, combined with the prior art cited in prosecution, including Cunningham (U.S. Patent No. 6,124,806), Russ (U.S. Patent No. 6,061,604), and Cumeralto (U.S. Patent Publication No. 2002/0109607), among others.

64.    The case or controversy should be resolved through a judgment that all claims of the '737 Patent are invalid.

## COUNT XII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,891,838

65.    Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

66.    Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 6,891,838 (the "'838 Patent").

67.    SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '838 Patent. Thus, an actual case or controversy exists regarding the invalidity of the '838 Patent.

68.    The '838 Patent is invalid under one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112, because its claims are unpatentable in view of the prior art and fail to satisfy the statutory requirements for patentability. For example, the claims 39-59 resulting from reexamination proceedings (90/010,511) fail to recite novel or non-obvious combinations of subject matter over the prior art. Such prior art includes RFC 792 - Internet Control Message Protocol (ICMP); RFC 1157 - Simple Network Management Protocol (SNMP); industrial and home automation protocols such as LonWorks (Echelon Corporation), CeBus, and X10; alarm system reporting protocols such as the Ademco/Honeywell SIA DC-05 "Ademco Contact ID Protocol"; and ad hoc networking protocols

PRNET and AX.25, all of which predate the earliest priority date of the '838 patent, combined with the prior art cited in the reexamination proceedings, including Brownrigg (U.S. Patent No. 6,044,062), Rein (U.S. Patent No. 5,390,206), Williams (U.S. Patent No. 6,384,722), Simionescu (U.S. Patent No. 5,963,650), Johnson (U.S. Patent No 5,553,094) , and Cunningham  (U.S. Patent No. 6,124,806), among others.

69.    The case or controversy should be resolved through a judgment that all claims of the '838 Patent are invalid.

## COUNT XIII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,914,893

70.    Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

71.    Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 6,914,893 (the "'893 Patent").

72.    SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '893 Patent. Thus, an actual case or controversy exists regarding the invalidity of the '893 Patent.

73.    The '893 Patent is invalid under one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112, because its claims are unpatentable in view of the prior art and fail to satisfy the statutory requirements for patentability. For example, independent claims 1, 17, and 37 are unpatentable

under 35 U.S.C. § 112 because the term "scalable address" is indefinite based on competing definitions for the term in the disclosure and based on claim construction directives provided by the Federal Circuit for the term in related matters. Further, these claims fail to recite novel or non-obvious subject matter over the prior art when the term "scalable address" is properly construed. The remaining claims all recite elements that were well known in the art prior to the earliest priority date of the '893 Patent. Such prior art includes industrial control protocols such as EIA-709/LonTalk and ISO-8473; CSMA/CA, AX.25, and POCSAG protocols; and historical maritime radio protocols providing scheduled periods of silence for emergency transmissions on distress frequencies, all of which predate the earliest priority date of the '893 Patent, combined with the prior art cited in the prosecution and IPR proceedings of the '893 Patent, including   Kahn (Kahn et al., "Advances in Radio Packet Technology," PROCEEDINGS OF THE IEEE, 1468 (Nov. 1978)), Kantronics ("KPC-3 Plus Users Guide: Introduction, Getting Started, Modes of Operation, Command Reference, and Hardware Specifications," 1997), Simionescu (U.S. Patent No. 5,963,650), Jednacz (U.S. Patent No. 5,726,644), Cunningham  (U.S. Patent No. 6,124,806), Johnson (U.S. Patent No. 5,673,252), and Mason (U.S Patent No. 6,100,817), among others.

74.     The case or controversy should be resolved through a judgment that all claims of the '893 Patent are invalid.

## COUNT XIV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,103,511

75.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

76.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,103,511 (the "'511 Patent").

77.     SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '511 Patent. Thus, an actual case or controversy exists regarding the invalidity of the '511 Patent.

78.     The '511 Patent is invalid under one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112, because its claims are unpatentable in view of the prior art and fail to satisfy the statutory requirements for patentability. For example, independent claims 8 and 44 are invalid for indefiniteness under 35 USC §112 due to lack of clear distinction between "WAN" and "LAN" provided in the disclosure. Further, the remaining claims all recite elements that were well known in the art prior to the earliest priority date of the '511 Patent. Such prior art includes Mason (U.S. Patent No. 6,100,817), Shuey (U.S. Patent No. 5,874,903), Ehlers (5,696,695), Canada (5,907,491), Shaughnessy (6,141,137), Simionescu (U.S. Patent No. 5,963,650), Kantronics ("KPC-3 Plus Users Guide: Introduction, Getting Started, Modes of Operation, Command

Reference, and Hardware Specifications," 1997), Cunnigham (U.S. Patent No. 6,366,217), and Reed (U.S. Patent No. 6,275,707), among others.

79.    The case or controversy should be resolved through a judgment that all claims of the '511 Patent are invalid.

**COUNT XV – DECLARATORY JUDGMENT OF
INVALIDITY OF U.S. PATENT NO. 7,263,073**

80.    Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

81.    Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,263,073 (the "'073 Patent").

82.    SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '073 Patent. Thus, an actual case or controversy exists regarding the invalidity of the '073 Patent.

83.    The '073 Patent is invalid under one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112, because its claims are unpatentable in view of the prior art and fail to satisfy the statutory requirements for patentability. For example, the claims fail to recite novel or non-obvious combinations of subject matter over the prior art. Such prior art includes ad hoc networking protocols PRNET, AX.25, and SURAN / Low-Cost Packet Radio, all of which predate the earliest priority date of the '073 patent, combined with the prior art cited in prosecution, including Canada (U.S. Patent No. 5,907,491), Boatman

(U.S. Patent No. 5,892,690), Nakano (U.S. Patent No. 6,400,819), Kuriyan (U.S. Patent No. 6,678,255), Sheffer (U.S. Patent No. 5,568,535) and Crager (U.S. Patent No. 4,058,672), among others.

84.    The case or controversy should be resolved through a judgment that all claims of the '073 Patent are invalid.

## COUNT XVI – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,697,492

85.    Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1-9 above.

86.    Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,697,492 (the "'492 Patent").

87.    SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the '492 Patent. Thus, an actual case or controversy exists regarding the invalidity of the '492 Patent.

88.    The '492 Patent is invalid under one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112, because its claims are unpatentable in view of the prior art and fail to satisfy the statutory requirements for patentability. For example, independent claims 19 and 25 reciting "scalable address" are unpatentable for the same reasons as found by the PTAB in IPR2016-01895 for challenged claims 1 and 14 (now cancelled) given the claim construction directives provided by the Federal Circuit for the term. Further, the remaining claims

all recite elements that were well known in the art prior to the earliest priority date of the '492 Patent. Such prior art includes the AX.25, EIA-709/LonTalk, and C12.18 protocols, Johnson (U.S. Patent No. 5,673,252), Kantronics ("KPC-3 Plus Users Guide: Introduction, Getting Started, Modes of Operation, Command Reference, and Hardware Specifications," 1997), Zimmerman (U.S. Patent No. 5,279,305), Mason (U.S. Patent No. 6,100,817), and Benedyk (U.S. Patent No. 7,227,927), among others.

89.    The case or controversy should be resolved through a judgment that all claims of the '492 Patent are invalid.

## PRAYER FOR RELIEF

1.    A judgment that the Mueller Products do not infringe each claim of the Non-Infringement Patents;

2.    A judgment that all claims of the Invalidity Patents are invalid, and therefore Mueller Products do not infringe any of the Invalidity Patents;

3.    A preliminary and permanent injunction barring SIPCO from seeking future royalties based on the alleged infringement of the Patents by the Mueller Products;

4.    A judgment awarding Plaintiff its costs incurred herein, including, upon a finding of this case being "exceptional," attorneys' fees pursuant to 35 U.S.C. § 285; and

5.    A judgment awarding Plaintiff such other and further relief as the Court may deem just and equitable.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial as to all issues so triable.


Dated: February 27, 2026


_/s/ John L. North_
John L. North
Georgia Bar No. 545580
Jeffrey R. Kuester
Georgia Bar No.: 429960

TAYLOR DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
jnorth@taylorduma.com
jkuester@taylorduma.com